

**LEDYARD | RAY** LLP
ATTORNEYS & COUNSELORS AT LAW

1 N. Charles Street | Suite 1215
Baltimore, MD 21201
Office 410.807.8077 | Fax 410.576.9391

www.ledyardray.com
office@ledyardray.com

April 3, 2018

**CERTIFIED MAIL WITH**
**RETURN RECEIPT REQUESTED**

Mr. Kevin B. Quinn Jr.
Administrator, MDOT MTA
Maryland Transit Administration
6 St. Paul Street
Baltimore, MD 21202-1614

**CERTIFIED MAIL WITH**
**RETURN RECEIPT REQUESTED**

The Honorable Nancy K. Kopp, Treasurer
LOUIS K. GOLDSTEIN TREASURY BUILDING
80 Calvert Street, Room 109
Annapolis, Maryland 21401

Re.  Claimant:  Lamont D. Jackson
717 Cooks Lane
Baltimore, Maryland 21229
MTA Employee ID No. 38856; Badge 1169

Agency/Agencies:  Maryland Transit Administration
Date of Incident(s):  April 1, 2016 and continuing each week

Dear Mr. Quinn and Ms. Kopp:

Our firm represents Lamont D. Jackson, an employee with the Maryland Transit Administration "("MTA"), in all tort and contract claims against the MTA.

These claims include, but are not limited to, all tort and contract claims described in Section 7-702 of the Maryland Transportation Article.

Mr. Jackson was employed by the MTA as an Operator employee of the MTA beginning in 2008. He was improperly terminated in November 2015 and reinstated in April 2016. Since April 2016 and continuing, including numerous instances within one year of the date of this letter, the MTA has failed to pay Mr. Jackson required overtime pay (at a rate of one and one-half times his regular hourly rate) in the following circumstances:

1. The MTA has failed to pay Mr. Jackson overtime pay when Mr. Jackson worked in excess of eight (8) hours during a work day.

2. The MTA has failed to pay Mr. Jackson overtime pay when Mr. Jackson worked in excess of forty (40) hours during a workweek.

---

est. 2016

April 3, 2018
Page 2

3. The MTA has failed to pay Mr. Jackson overtime pay when Mr. Jackson worked on an assigned day off.

4. The MTA has failed to pay Mr. Jackson at the overtime pay rate even for hours that the MTA acknowledges to be overtime hours. All of the hours that Mr. Jackson works each week are calculated at his regular straight-time hourly rate, and none of his hours worked, including hours identified by the MTA as overtime, are paid at the required one and one-half times his regular straight-time hourly rate.

5. The MTA has failed to pay Mr. Jackson overtime pay in a week in which Mr. Jackson took MTA-approved intermittent leave under the Federal Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. In addition, when Mr. Jackson takes MTA approved leave during a work week, any overtime hours that he worked that week are subtracted from his total hours and are not paid at all—not even at his regular straight-time hourly rate. This constitutes a failure by the MTA to pay Mr. Jackson wages for hourly work that he performed.

Mr. Jackson's intermittent leave was granted due to Mr. Jackson's diabetes together with hypertension and arthritis. The effects of Mr. Jackson's conditions constitute a disability under Americans with Disabilities Act, codified at 42 U.S.C. § 12101 *et seq*. (the "ADA") and the Maryland Civil Rights title, codified at the Maryland State Government Article § 20-101, *et seq* (the "Maryland Civil Rights Act").

The failure to pay Mr. Jackson overtime, as set forth above, violates the hourly wages and overtime provisions of The Fair Labor Standards Act of 1938 (the "FLSA"), codified at 29 U.S.C. § 203, and the hourly wages provisions of Maryland Wage and Hour Law, codified at the Maryland Labor and Employment Article § 3-401, *et seq* (the "MWHL") and his contractual rights as an employee. The failure to pay Mr. Jackson overtime during any week in which he took MTA-approved intermittent leave violates the provisions of the FMLA, the ADA and the Maryland Civil Rights Act. The failure to pay Mr. Jackson for regular and overtime hours that he worked violates the provisions of the Maryland Wage Payment and Collection Law, codified at the Maryland Labor and Employment Article § 3-501, *et seq* (the "MWPCL).

This notice is also being provided on behalf of all MTA Operators because, on information and belief, the MTA violates each Operator's right to regular and overtime pay as described above.

Section 7-702 requires that a "tort claimant" must provide notice to the MTA. By providing this notice, however, Mr. Jackson does not necessarily take the position that the statutory provisions cited in this letter constitute "torts."

April 3, 2018
Page 3

One central purpose of this letter is to make a formal settlement demand. This settlement demand is made without prejudice to Mr. Jackson should settlement not occur, and no statements contained herein may be used in litigation (including as evidence) or for any other purpose. The statements and representations in this letter constitute an offer in compromise of litigation and none of the information contained herein is to be considered or construed as an admission of any kind. If a settlement is not reached, my client reserves the right to claim the true and full value of this matter at trial.

As a result of these violations, Mr. Jackson demands a sum in excess of $1,000,000.00 and each class member MTA Operator also individually demands a sum in excess of $1,000,000.00, and all other relief deemed necessary and just under the circumstances.

Should you have any questions, please do not hesitate to contact me. We look forward to your response.

Very truly yours,

James M. Ray, II

JMR/db

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kevin B. Quinn Jr.
Administrator, MDOT MTA
Maryland Transit Administration
6 St. Paul Street
Baltimore, MD 21202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Joyner
☐ Agent
☐ Addressee

B. Received by (Printed Name)  Joyner
C. Date of Delivery  4-9-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☑ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

7003 3110 0005 5848 4287

PS Form 3811, July 2013          Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE
MD 212
20 APR '18

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4® in this box°

LEDYARD | RAY LLP
1 North Charles Street
Suite 1215
Baltimore, MD 21201

Lamont Jackson