# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH JOHNSON, *et al.*      *

v.      *      Civil No. CCB-18-3768

MARYLAND TRANSIT      *
ADMINISTRATION

************

## MEMORANDUM

The plaintiffs, comprised of bus drivers ("Operators") employed by the defendant the Maryland Transit Administration ("MTA"), filed suit in Baltimore County Circuit Court alleging that the MTA had violated the protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as Maryland's Wage and Hour Law ("MWHL"), MD. CODE ANN., LAB. & EMPL. §§ 3-401 *et seq.* and Maryland's Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN., LAB. & EMPL. §§ 3-501 *et seq.* Specifically, the Operators alleged that, beginning on October 1, 2015, the MTA denied overtime payments to which the Operators were entitled. The MTA, an agency of the State of Maryland, removed the case to federal court on the basis of federal question jurisdiction and then filed a motion to dismiss or for summary judgment based on the parties' collective bargaining agreement ("CBA") and on sovereign and Eleventh Amendment immunity grounds.[1] ECF 10. The motion has been briefed fully, and no oral argument is necessary. For the reasons set forth below, the motion will be treated as a motion to dismiss and will be granted.

The Supreme Court has decided that the FLSA could not validly abrogate a state's sovereign immunity from suits for damages in its own courts. *Alden v. Me.*, 527 U.S. 706, 712, 752 (1999). In *Alden*, the Supreme Court noted that courts have, at times, referred to states' sovereign immunity as "Eleventh Amendment immunity," but the phrase is "something of a misnomer, for the sovereign

---

[1] Sovereign immunity applies to claims against the MTA, absent abrogation by Congress or consent by the State. *McCray v. Md. Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (holding that the MTA, as a subsidiary of the Maryland Department of Transportation, enjoys sovereign immunity unless abrogated or waived).

immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id.* at 713; *see also Franchise Tax Bd. of Calif. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019) (citing *Alden*, 527 U.S. at 713); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (the Eleventh Amendment confirms the presupposition that states are immune from suit) (internal citations and quotation marks omitted). States enjoy immunity from suit in their own courts. *Alden*, 527 U.S. at 745–46 ("We have said on many occasions . . . that the States retain their immunity from private suits prosecuted in their own courts." (internal citations omitted)).

Either the state's voluntary waiver, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." (internal citation omitted)), or valid abrogation of its immunity, *Alden*, 527 U.S. at 730–31 ("In exercising its Article I powers[,] Congress may subject the States to private suits in their own courts only if there is compelling evidence that the States were required to surrender this power to Congress pursuant to the constitutional design." (internal citation and quotation marks omitted)), may permit a suit to proceed against a state in its own courts. States may, via statute, waive their sovereign immunity as it relates to suits in their own courts. *See, e.g., Paulone v. City of Frederick*, 718 F. Supp. 2d 626, 637 (D. Md. 2010) (the Maryland Tort Claims Act "provides a limited waiver of sovereign immunity" (internal citation omitted)). As noted *supra*, the *Alden* court found that the FLSA could not abrogate a state's sovereign immunity from suits in its own courts. To bring this suit, therefore, the Operators must show that the State of Maryland itself waived its sovereign immunity for a claim under the FLSA. They have not done so.

The Operators, in arguing that Maryland has waived its sovereign immunity, relied on a combination of analysis of MD. CODE ANN., TRANSP. § 7-702(b) and the decision in *Bd. of Educ. of Balt. Cnty. v. Zimmer-Rubert*, 409 Md. 200 (2009). Section 7-702(b) provides that the "exclusive remedy for a breach of contract or for a tort committed by the [MTA], its officers, agents, or employees is a suit against the [MTA]." In *Zimmer-Rubert*, the Maryland Court of Appeals held that a sovereign immunity

2

waiver, which provided that "[a] county board of education may not raise the defense of sovereign immunity to *any claim* of $100,000 or less," MD. CODE ANN., CTS. & JUD. PROC. § 5-518(c) (emphasis added), constituted a waiver of both sovereign immunity in Maryland's state courts and of Eleventh Amendment immunity. 409 Md. at 216. In reaching this decision, the *Zimmer-Rubert* court relied upon § 5-518's legislative history to conclude that "any claim" included such claims as might appear before a judge in federal court. *Id.* at 215–16.

In contrast, § 7-702's waiver of sovereign immunity applies only to contracts and torts claims. *See Proctor v. Washington Metro. Area Transit Auth.*, 412 Md. 691, 719 (2010) (the Maryland "General Assembly waived the [MTA]'s sovereign immunity for contracts and torts"). In their opposition, the Operators attempted to establish that the FLSA, not the CBA, constituted a contract under § 7-702(b). Citing the Fourth Circuit's opinion in *Gilliland v. Bd. of Educ. of Charles Cnty.*, 526 Fed. App'x 243, 249 (4th Cir. 2013), the Operators argued that the Fourth Circuit had noted that FLSA claims are "contractual in their nature," as they impose provisions into all applicable employment contracts, and that this established the applicability of § 7-702(b) to their FLSA claim. In noting the contractual nature of the FLSA, the *Gilliland* court relied upon a case that predated § 7-702(b)'s enactment by more than half a century, and the Operators have provided the court with no indication that the Maryland General Assembly intended to include alleged violations of the FLSA, or any other statute deemed contractual in nature, in § 7-702's sovereign immunity waiver. Further, the Operators' argument is belied by the fact that their own complaint makes no mention of an alleged breach of contract pursuant to the FLSA, instead characterizing their claims as violations of federal and state statutes.

As a result, the court concludes that the State of Maryland has not waived the MTA's sovereign immunity for the FLSA claims presented here, and that such claims therefore should be dismissed.[2] Because the federal claim will be dismissed, the court will decline to exercise supplemental jurisdiction

---

[2] The MTA also argues that the CBA would require the parties to arbitrate this dispute, but the court need not reach this issue due to its conclusion that the MTA has not waived its sovereign immunity.

3

over the state law claims. Those will be remanded to the Circuit Court for Baltimore County. A separate order follows.

7/19/19
Date

CCB
Catherine C. Blake
United States District Judge